UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE CARABALLO,

    Plaintiff,

v.                                        Case No:   6:11-cv-1494-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is the Opposed Request for Authorization to Charge a Reasonable Fee, pursuant to 42 U.S.C. §406(b), filed by Plaintiff's counsel (Doc. 39). On September 26, 2012, I entered an order reversing the Commissioner's final decision and remanding the case back to the Social Security Administration, pursuant to sentence four of 42 U.S.C. §405 (Doc. 33).

Now, Plaintiff's counsel petitions the Court for authorization to charge his client a fee for federal court representation in the amount of $3,129.25 (Doc. 39). The fee is based on a contingency fee agreement between counsel and Plaintiff (Doc. 39-1 at 1), and the Commissioner's letter notification that Plaintiff was awarded past due benefits (Doc. 29-1). The Commissioner has filed a response in opposition (Doc. 40).

### I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees

awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) or "EAJA". Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] Dawson applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. See Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673 (11th Cir. 2013); Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314 (11th Cir. 2012).[2]

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

The EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request); Mills v. Colvin, Case No. CV413-044, 2016 WL 4223649, at *2 (S.D. Ga. Aug. 9, 2016) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002)).

The application of these provisions means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See, e.g., Paltan, 518 F. App'x at 674; Bookman, 490 F. App'x at 314; Westfall v. Comm'r of Soc. Sec., Case No. 6:14-cv-784-DAB (M.D. Fla. April 19, 2016); Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-ORL, 2015 WL 476190 (M.D. Fla. Feb. 5, 2015); Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant").

The fee itself must also be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate]

fees.'" Gisbrecht, 535 U.S. at 805 (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

## II. The Fee Calculation

Plaintiff received an award of past-due benefits in the amount of $36,517.00 (Doc. 39-2 at 4). Twenty-five percent of that award is $9,129.25 (Doc. 39 at 2; Doc. 40 at 2). Plaintiff's counsel petitions the Court for authorization to charge his client a fee for federal court representation in the amount of $3,129.25 (Doc. 39). He arrived at this number based on the following calculations:

> 3. The attorney fee due under the fee agreement between Petitioner and Plaintiff payable from Ms. Caraballo's past-due benefits is $4,620.03 [25% of the past-due benefits, $9,129.25, minus the EAJA fees awarded, $4,509.22 (Doc. 38, page 2), equals $4,620.03].
>
> 4. Petitioner has reduced the amount of the fee requested to $3,129.25 so that the total of the 406(b) fee, $3,129.25, and the 406(a) fee paid for work done at the administrative level, $6,000.00 (Appendix 2, page 3), does not exceed twenty-five percent of Ms. Caraballo's past-due benefits, $9,129.25.

- 4 -

(Doc. 39 at 2). The Commissioner argues that counsel's calculation results in a few award that is greater than the 25% allowed by statute (Doc. 40 at 2-3). The Commissioner contends that the fee award should be calculated as follows:

```
  $9,129.25   (total § 406 fees withheld by the agency)
- $6,000.00   (§ 406(a) fees awarded)
  $3,129.35
```

(Id. at 4). Next, the Court must account for the amount of EAJA fees that have already been awarded and return the lesser of the two fees to Plaintiff (Id. at 4-5). Since, counsel has admittedly already received an EAJA award of $4,509.22 (Doc. 39 at 2), which is greater than the appropriate amount of § 406(b) fees, the Savings Clause dictates that the $3,129.35 be returned to Plaintiff. I agree with the Commissioner's analysis.

Therefore, the motion for fees is **DENIED**. Counsel is not authorized to receive any additional fees for work done on this case.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record